UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN EVANS, individually,<br><br>   Plaintiff,<br><br>v.<br><br>MGM GRAND HOTEL, LLC, et al.,<br><br>   Defendants. | Case No. 2:11-cv-01988-MMD-GWF<br><br>ORDER<br><br>(Def. LVMPD's Motion to Dismiss Plaintiff's Complaint; Def MGM's Motion to Dismiss Punitive Damages; Def MGM's Motion for More Definite Statement<br>– dkt. nos. 8, 9, 10) |

## I.  SUMMARY

Before the Court is Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Sheriff Douglas Gillespie, Officer Nichole Splinter, Officer Rick Splinter, Officer Cindy Fasulo, Captain Todd Fasulo, Employee Tamara Shaw, Lieutenant Dennis Flynn, Captain Brett Zimmerman, Assistant Sheriff Joseph Lombardo, LVMPD Officer Robert Schmidt, Deputy Chief Kathleen O'Connor's (collectively "LVMPD Defendants") Motion to Dismiss Plaintiff's Complaint. (Dkt. nos. 8 & 11.) The Court has also considered Plaintiff John Evans' ("Evans") Opposition (dkt. no. 14) and LVMPD Defendants' Reply (dkt. no. 17).  For the reasons discussed below, LVMPD Defendants' Motion is granted.

As this Court grants LVMPD Defendants' motion, the Court lacks jurisdiction over the remaining supplemental state law claims.  Accordingly, the Court will not address Defendant MGM Grand Hotel, LLC's ("Defendant MGM") Motion to Dismiss (dkt. no. 9) and Motion for More Definite Statement (dkt. 10).

## II. BACKGROUND

This case arises out of an alleged wrongful termination. The allegations summarized below are based on Plaintiff's version of the facts.

Evans was a thirteen year veteran of the Las Vegas Metropolitan Police Department and worked in the Narcotics Bureau. On or about December 11, 2009, Evans attended the Sheriff's Protective Association Christmas party with his wife. After the party, Evans and his wife were dropped off at the MGM Grand Hotel where they had room reservations. That night, MGM Security Officers responded to an alleged complaint made by a fellow hotel guest. MGM Security Officers entered Plaintiff's room, conducted an unwarranted investigation, and remained in the room while Evans and his wife were unclothed. MGM Security contacted the LVMPD who sent two Internal Affairs inspectors, one of whom is an LVMPD Defendant, to the MGM. The LVMPD conducted an investigation. Thereafter, due to their vendetta against Evans, the LVMPD conspired to falsify evidence, including altering a transcript of the MGM's video and audio surveillance. In reliance on the falsified evidence, criminal charges were filed against Evans. The LVMPD subsequently conducted a Pre-Termination Hearing. The Pre-Termination Hearing Board relied on falsified information and flawed investigation to recommend Evans' employment termination. (*Id.* at ¶ 77). The LVMPD then terminated Evans' employment.

## III. DISCUSSION

### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions couched as factual assertions are not entitled to the assumption of truth.  *Id.* at 678.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.*  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.*  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but not shown — that the pleader is entitled to relief."  *Id.* (internal quotation marks omitted).  A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory."  *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).  When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

**B.     Analysis**

Evans asserts federal and state law claims against LVMPD Defendants, including claims for violation of 42 USC §1985 (claim 6), violation of 42 USC §1983 (claim 7), and violation of the Fourteenth Amendment (claim 8).  LVMPD Defendants seek dismissal of all claims under Fed. R. Civ. P. 12(b)(6).  However, because dismissal of the federal

///

///

claims will divest the Court of subject matter jurisdiction, the Court will only address the federal claims.[1]

### 1.  Claim 6 – Violation of 42 USC §1985

42 U.S.C. §1985 provides a cause of action against two or more individuals where such individuals conspire to interfere with civil rights by (1) preventing an officer from performing her duties; (2) obstructing justice by intimidating a party to a legal proceeding or a witness or a juror associated with that proceeding; or (3) depriving one of rights and privileges under the Constitution. The Court understands Evans to make his §1985 allegations under (3) above.

"To state a cause of action under §1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980). As to the first element, there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).

Here, Evans' §1985(3) claim is legally deficient because he does not allege that Defendants have discriminated against him because of "some racial, or perhaps otherwise class-based" animus or that Evans is a member of a protected class. As Evans has failed to allege a requisite element of a §1985 claim, he has not stated a claim upon which relief can be granted and the claim is dismissed.

///
///
///

---

[1] Evans asserts four claims against MGM and its employees based on their alleged negligent conduct. Defendant MGM seeks dismissal of the punitive damages claim and a more definite statement as to the negligence claims.

### 2. Claims 7 & 8 – Violation of 42 USC §1983 & Violation of the Fourteenth Amendment

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (*quoting Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Here, Plaintiff's claim for violation of the Fourteenth Amendment is properly brought through the §1983 claim. Therefore, the Court considers these claims together as they are dependent upon one another.

To state a claim under §1983, a plaintiff must allege the deprivation was committed by a person acting under color of law and that deprivation violated a right secured by the Constitution and the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48–49 (1988). "A public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). Here, Evans has alleged actions under color of law because he sues the officers "individually and as employees in the course and scope of their employment with LVMPD." (Dkt. no. 1, Compl. ¶ 17).

Deprivation of procedural due process under the Fourteenth Amendment is a violation of a right secured by the Constitution. To prevail on a Fourteenth Amendment Procedural Due Process claim, Plaintiff must prove he possesses (1) a protected liberty or property interest; (2) governmental deprivation of said interest; and (3) denial of adequate procedural protections. *Foss v. Nat'l Marine Fisheries Serv.*, 161 F.3d 584, 588 (9th Cir. 1998). Here, LVMPD Defendants have conceded that Evans had a significant property interest in continued employment and it is uncontested that Evans was deprived of that interest when he was terminated. (Dkt. no. 17, Reply at 4).

Therefore, this Court turns to the adequacy of procedural protections in a pre-termination hearing context. There are adequate procedural protections and due

process is satisfied in a pre-termination hearing context when the public employee is given (1) "oral or written notice of the charges against him," (2) an "explanation of the employer's evidence," and (3) "an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). Requiring anything more "prior to termination would intrude to an unwarranted extent on the government's interest." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).

Evans alleges that he was denied a "fair hearing" because of the LVMPD Defendants' conspiracy and the use of falsified evidence at the Pre-Termination Hearing. (Dkt. no. 1, at ¶ 84.) However, even assuming the facts pled in the Complaint as true, Evans has failed to adequately plead any facts that would directly or inferentially support his procedural due process claim. With regard to the Pre-Termination Hearing,[2] Evans does not plead that (1) he was not given oral or written notice of the charges against him, (2) he was not given an explanation of LVMPD's evidence against him, or (3) he did not have an opportunity to present his side of the story. Absent those allegations, Evans has not stated a claim upon which relief can be granted and thus, this claim is dismissed.

As this Court has dismissed all the federal claims, the Court does not have jurisdiction to adjudicate the remaining state law claims. Therefore, the Complaint is dismissed in its entirety.

### III. CONCLUSION

IT IS THEREFORE ORDERED that LVMPD Defendants' Motion to Dismiss (dkt. no. 8) is GRANTED. The Clerk of the Court is instructed to close this case.

DATED THIS 3rd day of October 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Evans' Opposition raises the argument that adequate procedural protection was also denied at the labor arbitration. (Dkt. no. 14, at 11.) However, as the Complaint makes no mention of the arbitration proceedings, the Court does not analyze any alleged procedural due process claim arising from the arbitration.